```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/9/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

   - against -

ISRAEL ESPINOSA CORONA,

               Defendant.

------------------------------------X

14 Cr. 193 (RWS)

SENTENCING OPINION

**Sweet, D.J.**

       On June 10, 2014, Israel Espinosa Corona ("Espinosa Corona" or the "Defendant") pleaded guilty to one count of Illegal Reentry of a Removed Alien, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2), a Class C Felony. For the reasons set forth below, Espinosa Corona will be sentenced to 41 months imprisonment subject to the scheduled sentencing hearing on October 14, 2014. The Defendant is also required to pay a special assessment of $100.

**Prior Proceedings**

       The Defendant was named in a one-count Indictment, 14 CR 193 (RWS), in the Southern District of New York on March 20, 2014. Count 1 charges that on January 23, 2014, in the Southern District

of New York and elsewhere, the Defendant, being an alien, unlawfully entered and was found in the U.S. after having been previously removed subsequent to the commission of an aggravated felony, without having obtained the express consent of the U.S. Attorney General or his successor, the Secretary for the Department of Homeland Security, to re-apply for admission, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).

On June 10, 2014, the defendant appeared before the Honorable Gabriel W. Gorenstein and allocated, without the benefit of a plea agreement, to his criminal conduct as charged in Count 1 of Indictment 14 CR 193 (RWS).

The Defendant is scheduled to be sentenced on October 14, 2013.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines:

2

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement . . . [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby,

3

397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to the Defendant's personal and family history.

**The Offense Conduct**

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that document.

Espinosa Corona is a native and citizen of Mexico and has never been a United States citizen. On February 7, 1997, in Kings County Supreme Court, the Defendant was convicted of Manslaughter in the First Degree, a Class B felony, resulting in a sentence of three to six years' imprisonment. On September 3, 1997, the Defendant was ordered to be removed from the U.S. by immigration officials; he was then deported on December 3, 1999. Following his removal from the U.S., the Defendant never obtained the express consent of the U.S. Attorney General or the Secretary for the Department of Homeland Security, to reapply for admission.

4

On January 23, 2014, the NYPD notified ICE that Espinosa Corona had been arrested and fingerprinted for a violation of New York State Penal Law and pleaded guilty to Criminal Trespass in the Third Degree. An ICE immigration detainer was lodged at that time. A fingerprint comparison confirmed Espinosa Corona's identity and that he had illegally returned to the U.S. without permission.

A criminal complaint was filed in the Southern District of New York on March 6, 2014. The Defendant has been detained in federal custody since that time.

**The Relevant Statutory Provisions**

For Count 1, the maximum term of imprisonment is 20 years, pursuant to 8 U.S.C. §§ 1326(a) and (b)(2). The Court may impose a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

Pursuant to 18 U.S.C. § 3561(c)(1), the defendant is eligible for not less than one nor more than five years' probation,

as the offense is a Class C Felony.

The maximum fine is $250,000, pursuant to 18 U.S.C. § 3571(b). A special assessment of $100 is mandatory, pursuant to 18 U.S.C. § 3013.

**The Guidelines**

The November 1, 2013 edition of the <u>United States Sentencing Commission Guidelines Manual</u> has been used in this case for calculation purposes, pursuant to § 1B1.11(a). The Court finds the following with respect to the Defendant's applicable offense level, criminal history, recognition of responsibility, and term of imprisonment:

The applicable guideline for violations of 8 U.S.C. §§ 1326(a) and (b)(2) is found in § 2L1.2, pursuant to which Count 1 has a base offense level of 8.

A 16-level increase is warranted because the Defendant was previously deported following a conviction for a crime of violence, which receives criminal history points under Chapter Four, pursuant to § 2L1.2(b)(1)(A)(ii).

6

The Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels, pursuant to § 3E1.1(a).

The Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Accordingly, the offense level is decreased by one level, pursuant to § 3E1.1(b).

The Total Offense Level is 21.

The Defendant has two prior criminal convictions.

On February 7, 1997, the Defendant pleaded guilty to Manslaughter in the First Degree in Kings County Supreme Court and was sentenced to three to six years' imprisonment. Pursuant to § 4A1.1(a), this conviction warrants three criminal history points.

On January 23, 2014, the Defendant pleaded guilty to Criminal Trespassing in the Third Degree in Manhattan Criminal Court. Pursuant to § 4A1.2(c)(1), this conviction warrants zero criminal history points.

The total criminal history points is 3.  According to the sentencing table at Chapter 5, Part A, three criminal history points establish a Criminal History Category of II.

Based on a Total Offense Level of 21 and a Criminal History Category of II, the guideline range of imprisonment is 41 to 51 months.

Pursuant to § 5D1.2(a)(2), the guideline range for a term of supervised release is one to three years.  Pursuant to § 5D1.1(c), however, no term of supervised release will be imposed as supervised release is not required by statute and the Defendant is a deportable alien who is likely to be deported after serving his term of imprisonment.

Pursuant to § 5B1.1, comment 2, the Defendant is not eligible for probation, as the applicable guideline range for his offense is in Zone D of the Sentencing Table.

Costs of prosecution shall be imposed on the Defendant as required by statute, pursuant to § 5E1.5.  In determining whether to impose a fine and the amount of such fine, the Court has considered, among other factors, the expected costs to the

government of any term of probation, or term of imprisonment and term of supervised release imposed pursuant to § 5E1.2(d)(7) and 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring and/or contract confinement costs. A recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,412.33 to be used for imprisonment, a monthly cost of $278.95 for supervision, and a monthly cost of $2,244.17 for community confinement.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that no departure from the guidelines is warranted in the instant case.

...

**The Sentence**

For the instant offense, Espinosa Corona shall be sentenced to a term of 41 months' imprisonment. The Defendant shall not be sentenced to a term of supervised release as he will likely be deported to Mexico following his term of imprisonment.

The Defendant is also required to pay a special assessment of $100.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for October 14, 2014.

It is so ordered.

**New York, NY**
**October 8, 2014**

_____
ROBERT W. SWEET
U.S.D.J.